**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|                              |   |                                  |
|------------------------------|---|----------------------------------|
| RIGOBERTO MARTINEZ TAPIA,    | : |                                  |
|                              | : | Civil Action No. 12-4147 (KSH)   |
| Petitioner,                  | : |                                  |
|                              | : |                                  |
| v.                           | : | **MEMORANDUM OPINION**           |
|                              | : |                                  |
| UNITED STATES OF AMERICA,    | : |                                  |
|                              | : |                                  |
| Respondent.                  | : |                                  |

1.      On January 19, 2011, Petitioner Rigoberto Martinez Tapia ("Tapia") pled guilty in his related criminal matter, *United States v. Tapia*, Criminal Action No. 10-570 (KSH) (the "Criminal Matter"), to the charge of being an alien who illegally re-entered the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2).  (*See* Feb. 23, 2011 Crim. J., Criminal Matter at ECF No. 13.)  On February 23, 2011, the Court sentenced Tapia to thirty-eight (38) months' imprisonment followed by a three-year term of supervised release.  (*See id.*)  Tapia was sentenced nearly eight years ago, and he is therefore no longer incarcerated nor subject to post-release supervision under the plain terms of the Court's sentence.  The Federal Bureau of Prisons' ("BOP's") online inmate locator likewise indicates that Tapia is no longer in BOP custody.

2.      On or about May 14, 2012, Tapia petitioned the Court for a reduction in his 38-month sentence pursuant to United States Sentencing Guideline ("USSG") § 5K3.1.[1]  (*See* ECF No. 1.)  That is the only relief sought in that filing, *e.g.*, Tapia does not challenge the propriety of the underlying conviction for which that sentence was imposed.  The Court construed Tapia's May 14, 2012 filing

---

[1]  USSG § 5K3.1 provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides."  As noted by Tapia, the specific early disposition program upon which he sought that departure did not go into effect in the District of New Jersey until March 1, 2012, *i.e.*, after Tapia was sentenced by the Court.  (*See* ECF No. 1.)

as a motion for habeas relief pursuant to 28 U.S.C. § 2255[2] (the "§ 2255 Motion"). (*See* ECF No. 4.) Tapia has never challenged that determination. Tapia has likewise never sought to assert additional habeas claims or otherwise amend his § 2255 Motion.

3. On October 15, 2012, the Government filed its response to Tapia's § 2255 Motion. (ECF No. 5.) The Government claims that Tapia's lone argument in support of his § 2255 Motion, *i.e.*, that he is entitled to a reduction in his 38-month sentence pursuant to USSG § 5K3.1, fails to provide a basis for the Court to grant habeas relief. (*Id.*)

4. While Tapia's § 2255 Motion remains pending before the Court, Tapia has now been released from BOP custody. It therefore appears that dismissal of Tapia's § 2255 Motion as moot is now appropriate as the only relief sought by Tapia therein is a reduction in the 38-month period of imprisonment which he has already finished serving.

5. Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "The case or controversy requirement . . . requires that parties have a personal stake in the outcome through [all stages of federal judicial proceedings]." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

6. A habeas petitioner's challenge to his incarceration satisfies Article III's case or controversy requirement while he remains imprisoned. *See*, *e.g.*, *United States v. Trimble*, 12 F. Supp. 3d 742, 745 (E.D. Pa. 2014); *Livingston v. Warden, FCI Fairton*, No. 17-1066, 2018 WL 533910, at *3 (D.N.J. Jan. 24, 2018). However, upon a petitioner's release from prison, his habeas case becomes moot "unless he or she can demonstrate some 'collateral consequence' that persists beyond the sentence's expiration and is 'likely to be redressed by a favorable judicial decision.'" *Williams v.*

---

[2] 28 U.S.C. § 2255 empowers the Court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." *Id.* at § 2255(a). If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b).

*Sherman*, 214 F. App'x 264, 266 (3d Cir. 2007) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In other words, "[o]nce a sentence has expired, . . . some continuing injury . . . must exist for [a habeas] action to continue." *Burkey*, 556 F.3d at 147.  Moreover, when a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Id.* at 148.  In that regard, the petitioner must show that injury alleged in his petition "will 'likely' be redressed by the District Court's grant of his habeas petition." *Id.*

7.     Here, Tapia was incarcerated at the time he filed his § 2255 Motion.  Tapia's imprisonment satisfied Article III's case or controversy requirement for purposes of his § 2255 Motion during the period in which he was incarcerated.  Tapia, however, has now finished serving his sentence and is no longer in BOP custody.  Tapia's § 2255 Motion seeks only a reduction in the 38-month period of incarceration he already served; Tapia does not allege – much less seek relief from – any ongoing collateral consequences associated with that sentence.  As such, there is presently no injury alleged by Tapia that is likely to be redressed by the Court were it to grant him the relief sought in his § 2255 Motion.

8.     In light of the foregoing, Tapia's § 2255 Motion will be dismissed by the Court as moot. *See Morris v. Baker*, No. 14-6785, 2018 WL 1169117, at *5 (D.N.J. Mar. 6, 2018) ("Because Petitioner is no longer in custody . . . and has demonstrated no collateral consequences, the Petition must thus be dismissed as moot for lack of a case or controversy"), *cert. of appealability denied sub nom. Morris v. Warden, Ely State Prison*, No. 18-1627, 2018 WL 4621493 (3d Cir. June 20, 2018); *Trimble*, 12 F. Supp. 3d at 745 (denying § 2255 petitioner's habeas motion as moot where petitioner had already been released from custody and only challenged the length of his then-completed sentence (citing *United States v. King*, 437 F. App'x 189, 190 (3d Cir. 2011); *United States v. Petersen*, 408 F. App'x 642, 643 (3d Cir.2010)).  Furthermore, the Court will not issue a certificate of appealability to

Tapia.[3]  *Accord Morris*, 2018 WL 1169117, at \*6; *Trimble*, 12 F. Supp. 3d at 746.  An appropriate

Order accompanies this Memorandum Opinion.


Date: March 1, 2019                                     s/Katharine S. Hayden
At Newark, New Jersey                                   KATHARINE S. HAYDEN
                                                        United States District Judge

---

[3]  "A habeas petitioner seeking to appeal must obtain a [certificate of appealability] in order for the court of appeals to have jurisdiction." *Morris v. Horn*, 187 F.3d 333, 339 (3d Cir. 1999) (citations omitted); *accord* 28 U.S.C. § 2253(c) (a petitioner may not appeal from a final order denying habeas relief unless he has "made a substantial showing of the denial of a constitutional right."). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Tapia has failed to make such a showing.  The Court therefore denies Tapia a certificate of appealability.